IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Rodney Rodriguez Brown, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | Civil Action No. 12-485-WS |
| | ) | |
| v. | ) | Criminal No. 8-173-WS-N |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Rodney Rodriguez Brown, a federal prison inmate proceeding *pro se*, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 135), and the United States has filed a response in opposition (Doc. 137).[1]  This action is now before the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  As explained below, it is **RECOMMENDED** that Brown's § 2255 petition be **DISMISSED** as time-barred and that the Court find that he is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

### I.   Background

Judgment against Brown was entered on June 8, 2009 (Doc. 89).  A notice of appeal (Doc. 87) was filed, and, on February 26, 2010, the Eleventh Circuit entered judgment, granting Brown's appellate counsel's *Anders* motion and affirming

---

[1] The Court provided the petitioner an opportunity to file a reply in support of his petition no later than 21 days after the Government filed its opposition.  (*See* Doc. 136.)  But no reply was filed.

Brown's sentence (Doc. 106). Brown has certified that he placed his § 2255 petition in the prison mailing system on July 26, 2012. (*See* Doc. 135 at 12.)

## II. Collateral Attack

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Brown asserts that his § 2255 petition is timely because he is challenging the sufficiency of the indictment (*see* Doc. 135 at 4 ("The Court has a duty to inform the Movant of the jurisdiction of the Court. The indictment failed to disclose this important information."), and, in turn, the Court's subject-matter jurisdiction:

2

> Subject matter jurisdiction may be challenged at any stage in the litigation, even after the entry of judgment. Rule 12(h)(3) instructs: When ever [sic] it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter the court shall dismiss the action. Whenever is a timeless term. Because it involves a court's power to hear a case, subject matter jurisdiction can never be forfeited or waived.

(*Id.*, ¶ 18; *see also id.* at 5 (Ground Two: "The Court lacked Subject Matter Jurisdiction."))

While it appears that Brown is referring to Federal Rule of Civil Procedure 12(h)(3) above, neither that rule nor Federal Rule of Criminal Procedure 12(b)(3)(B)—providing that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense"—save his petition from the one-year limitations period in § 2255(f). *See Williams v. United States*, 383 Fed. App'x 927, 929-30 (11th Cir. June 21, 2010) (per curiam) ("The one-year limit applies even though Williams' new claim is an attack on the district court's jurisdiction. Williams argues that the limit does not apply because, under Fed. R. Crim. P. 12(b)(3)(B), a claim that an indictment or information fails to invoke the court's jurisdiction may be heard at any time while the case is pending. This is wrong. The habeas statute specifically includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under § 2255. Nothing in the statutory language suggests that jurisdictional challenges are exempt from the one-year limitations period that applies to a motion under this section. Because Williams is in custody and is collaterally attacking his federal sentence, § 2255 is the proper vehicle for that attack and Rule 12(b)(3)(B) cannot be used to circumvent its procedural

requirements.") (internal citations and quotation marks omitted), *cert. denied*, --- U.S. ----, 131 S. Ct. 846 (2010); *see also id.* at 930 (noting that, although the Eleventh Circuit "has not addressed the issue in a published opinion, other circuits have held that Rule 12(b)(3)(B) does not allow a jurisdictional challenge at the habeas stage because the case is no longer 'pending' within the meaning of that rule once direct appeals have ended") (citing *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 1008); *United States v. Valadez-Camarena*, 402 F.3d 1259, 1260-61 (10th Cir. 2005); *United States v. Wolff*, 241 F.3d 1055, 1056-57 (8th Cir. 2001) (per curiam)); *see also Frazier v. Crews*, No. 2:11–cv–551–FtM–99SPC, 2013 WL 1856507, at *4 (M.D. Fla. May 2, 2013) (collecting cases).[2]

Therefore, the timeliness of the petition must be calculated under § 2255(f)(1) based upon the date on which his conviction became final.

Ordinarily, a criminal conviction will become final upon conclusion of direct

---

[2] There, the petitioner argued that the one-year limitations period was not applicable to his case "because the state court was without jurisdiction due to the alleged deficiencies in the indictment[,]" and the court, after noting that the petitioner there, like Brown here, "cite[d] to no authority for this proposition[,]" cited *Williams* and the following authority in opposition to his proposition:

> *Davis v. Sec'y, Fla. Dep't of Corr.*, Case No. 8:09–CV–702–T–30MAP, 2009 WL 4730548, *1 (M.D. Fla. Dec.7, 2009) (finding "[t]here is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective."); *Johnson v. Jones*, Case No. 3:06–cv–071–WHA, 2006 WL 2092601 *2 (M.D. Ala. July 27, 2006) (rejecting petitioner's argument that a defective indictment is not governed by the one-year limitation period and stating "[n]either 28 U.S.C. § 2244(d) nor federal case law, however, makes such an exception for jurisdictional issues arising under state law."); *Crumpton v. Patterson*, Case No. 11–cv–0086–WS–C, 2011 WL 4482878 *8 (S.D. Ala. Sept. 9, 2011) (holding jurisdictional issues are not exempt from one-year limitation period).

*Id.*; *accord Smith v. United States*, 845 F. Supp. 2d 1288, 1295-96 (S.D. Fla. 2012).

4

review. *See, e.g., Jackson v. Secretary for Dep't of Corrections*, 292 F.3d 1347, 1348 (11th Cir. 2002).

> If a federal criminal defendant takes a direct appeal to the court of appeals, his or her judgment of conviction will become final for the purposes of § 2255(f)(1) upon the expiration of the 90-day period in which the defendant could have filed a petition for certiorari to the U.S. Supreme Court regardless of whether such a petition is or is not filed.

*Gooch v. United States*, Criminal Action No. 3:08-CR-34-H; Civil Action No. 3:09-CV-983-H, 2010 WL 5507043, at *2 (W.D. Ky. Dec. 6, 2010) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). Consequently, because the Eleventh Circuit's judgment affirming the Brown's sentence was filed February 26, 2010 (*see* Doc. 106), and because Brown did not file a petition for certiorari, he had until May 27, 2010 to timely file a collateral attack pursuant to § 2255(f)(1). Because Brown did not submit this motion until July 26, 2012 (*see* Doc. 135 at 12), ***almost 800 days after the one-year limitation period expired,*** this Court cannot reach the merits of his claims unless he is entitled to equitable tolling. *See Stewart v. United States*, No. 5:01-CR-00049 (CAR), 2009 WL 3418154, at *3 (M.D. Ga. Oct. 15, 2009) ("In the absence of due diligence, the statute of limitations began to run when Petitioner's conviction became final on May 13, 2003, pursuant to 28 U.S.C. § 2255(f)(1), measured by 90 days from February 12, 2003, when judgment was filed in the Court of Appeals. Thus, Petitioner had until May 13, 2004, to file any motions pursuant to 28 U.S.C. § 2255, whether initial or successive.") (citations omitted).

Regarding equitable tolling, the Supreme Court reiterated in *Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549 (2010), that "a petitioner is entitled to [it] only

5

if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 2562 (citation and internal quotation marks omitted). Specifically, "[i]n the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' . . . 'The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.' . . . The **petitioner has the burden** of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002) (emphasis in original), *cert. denied*, 538 U.S. 947 (2003); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. . . . We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd*, 544 U.S. 295 (2005); *Diaz v. Secretary for the Dep't of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) ("Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both

extraordinary circumstances and due diligence in order to be entitled to equitable tolling."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence .'").

In this case, Brown has not raised a tolling argument, and thus has not established that the instant habeas corpus petition was timely filed, nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *Johnson*, 340 F.3d at 1226; *Jones*, 304 F.3d at 1040; *see Johnson v. Fla. Dep't of Corrections*, 513 F.3d 1328, 1333 (11th Cir.) ("Johnson bears the burden of establishing equitable tolling."), *cert. denied sub nom. Johnson v. McNeil*, 555 U.S. 851 (2008); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'") (quoting *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004)). Accordingly, in the undersigned's opinion this is not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period. *Johnson*, 340 F.3d at 1226.

### III.   Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's

denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). When, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as it is clear that any claim for relief made pursuant to § 2255 is time-barred, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that the petitioner should be allowed to proceed further. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").[3]

---

[3] Other courts have also found that a certificate of appealability should not issue after rejecting a petitioner's untimely "lack of jurisdiction" attack on his or her

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation, the objecting party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson*, No. CA 11–0165–WS–C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011) (the Eleventh Circuit (Hull, J.) subsequently denied the petitioner's motion for certificate of appealability on October 11, 2011 (*see* Doc. 14 in CA 11–0165–WS–C)); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## IV.   Conclusion

Accordingly, the Magistrate Judge **RECOMMENDS** that this matter be **DISMISSED** as time-barred and **FURTHER RECOMMENDS** that the Court find that the petitioner is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

## V.   Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or

---

conviction. *See, e.g., Smith v. United States*, 845 F. Supp. 2d 1288, 1290, 1295-96 (S.D. Fla. 2012); *Brockington v. United States*, No. 8:07–cr–110–T–24–TGW, 2010 WL 55607, at *1-2 (M.D. Fla. Jan. 5, 2010); *Bobe v. United States*, Nos. 09 Civ. 8830 LTS/AJP, 06 Cr. 172(LTS), 2009 WL 5177976, at *1-3 (S.D.N.Y. Dec. 23, 2009).

anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 16th day of July, 2013.

                                           */s/ Katherine P. Nelson*
                                           **KATHERINE P. NELSON**
                                           **UNITED STATES MAGISTRATE JUDGE**